**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JERMAINE CRADDOCK, # R69423, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 15-cv-00564-NJR** |
| | ) | |
| STATE OF ILLINOIS, IDOC, | ) | |
| OFFICER SAMUEL STAR, | ) | |
| OFFICER BUMP, | ) | |
| and JOHN DOE, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Jermaine Craddock, who is currently incarcerated at Illinois River Correctional Center, brings this action pursuant to 42 U.S.C. § 1983, for violations of his Eighth Amendment rights at Menard Correctional Center ("Menard"). According to the complaint, Plaintiff's cellmate attempted to murder him on June 24, 2013 (Doc. 1, p. 4). The two inmates were housed together for eight days prior to the incident. Plaintiff noticed a dramatic decline in his cellmate's mental health during the seven days preceding the attack. He made statements that were "uncalled for and at times inflammatory" (Doc. 1, p. 4). He also tried to provoke Plaintiff by kicking the underside of his bunk bed, among other things.

Plaintiff reported his observations to Menard officials, including Officers Star, Bump, and Doe (an unknown guard) (Doc. 1, p. 5). He repeatedly asked them to move him from the cell or place him in protective custody. Plaintiff submitted these requests verbally and in writing. He even made these requests in the presence of his cellmate. Each time, the officers told Plaintiff that they would follow up with him but never did.

At 2:00 a.m. on June 24, 2013, Plaintiff was awakened as his cellmate "stabbed and slashed" him with a homemade weapon (Doc. 1, pp. 4-5). At the time of the assault, Plaintiff was sleeping on the top bunk (Doc. 1, p. 4). He suffered multiple injuries and received medical treatment for the injuries later the same day. Medical records filed with the complaint reveal that his injuries include a stab wound to the right knee (Doc. 1-1, p. 3).

Following this incident, Plaintiff was placed in protective custody and eventually transferred to another prison (Doc. 1, p. 5). Before his transfer, Plaintiff was targeted for subsequent attacks by other inmates at Menard. He attributes these attacks to the June 24th incident (*Id.*; Doc. 1-1, p. 7).

Plaintiff now sues the State of Illinois, the Illinois Department of Corrections, Officer Star, Officer Bump, and Officer Doe for failing to protect him, in violation of the Eighth Amendment (Doc. 1, p. 6). He seeks monetary relief.

## Merits Review Under 28 U.S.C. § 1915A

The complaint is now subject to preliminary review under 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The complaint survives preliminary review under this standard.

## Discussion

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. *See* U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Under the Eighth Amendment, prison officials have an obligation to

protect prisoners from one another.  *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995).  Officials incur liability for the breach of that duty when they exhibit deliberate indifference to a risk of serious harm to a prisoner's health or safety.  *Id.* at 828.  Put differently, Plaintiff must show that each defendant knew of a substantial risk of injury to Plaintiff but nevertheless failed to take reasonable steps to protect him from that harm.   *Rice ex rel. Rice v. Correctional Med. Serv.*, 675 F.3d 650, 669 (7th Cir. 2012); *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007); *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002).

Plaintiff names five defendants in connection with this claim, i.e., the State of Illinois, the Illinois Department of Corrections, Officer Star, Officer Bump, and Officer Doe.  He sues all five defendants in their individual and official capacities.[1]  He seeks only monetary damages.

Plaintiff's official capacity claims fail in their entirety.  Normally, defendants are named in their official capacities when a plaintiff is seeking injunctive or declaratory relief.  *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  Here, injunctive and declaratory relief are not an issue.  Plaintiff did not request either form of relief in the complaint.  Further, he is no longer incarcerated at Menard, where he was attacked, so any request for injunctive relief related to the conditions of his confinement would be moot.  *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot.").  *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995).

---

[1] The Court reached this conclusion only after reviewing Plaintiff's request for relief, in which he explicitly states that he is bringing an "official-capacity suit against the defendants mentioned in this complaint, in the amount of $50,000 dollars in compensatory damages and $150,000 dollars in punitive damages" and is also bringing a "failure-to-protect claim against the guards of 'Menard CC' for their violation of his 'Eighth Amendment' right[s] by allowing him to get hurt" (Doc. 1, p. 6). From this (and absent any other indication in the complaint), the Court discerned that Plaintiff is suing the defendants in their individual and official capacities.

What is more, Plaintiff cannot proceed with a claim for monetary damages against any of the defendants in their official capacities.  When a plaintiff seeks monetary damages against a state official, he must bring the suit against the official in his or her *individual* capacity.  This is because a suit for money damages against a defendant in his or her official capacity is really a suit for money damages against the state and is barred by the Eleventh Amendment. *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987).

The law on this point is clear.  Section 1983 creates a federal remedy against any "person" who, under color of state law, deprives "any citizen of the United States . . . of any rights, privileges, or immunities secured by the Constitution and laws." *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012) (quoting 42 U.S.C. § 1983).  The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  The Eleventh Amendment bars suits against states in federal court for money damages. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001).  This same principle applies to the Illinois Department of Corrections because it is an arm of the state. *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same).

Even though Plaintiff named Officer Star, Officer Bump, and Officer Doe as defendants, his official capacity claims against them fare no better.  To be held liable for money damages, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).  There is no supervisory liability in a Section 1983 action.

With that said, the complaint articulates viable *individual* capacity claims against Officer Star, Officer Bump, and Officer Doe.  According to the allegations, Plaintiff specifically informed each of these defendants that he was in danger and needed to be separated from his cellmate or placed in protective custody (Doc. 1, pp. 4-5).  He repeatedly submitted requests for protection to the defendants, verbally and in writing, during the week leading up to his attack.  Each defendant told Plaintiff that they would follow up with him but failed to do so.  These allegations support an Eighth Amendment failure to protect claim (**Count 1**) against Officer Star, Officer Bump, and Officer Doe.  Accordingly, Count 1 against each of these individual defendants shall receive further review.

### Identification of Unknown Defendant

Plaintiff shall be allowed to proceed with Count 1 against Defendant John Doe, the unidentified guard who allegedly failed to protect him from the inmate attack on June 24, 2013.  This party must be identified with particularity, however, before service of the complaint can be made on him.  Where a prisoner's complaint states specific allegations describing conduct of an individual prison staff member sufficient to raise a constitutional claim against him, but the name of that defendant is not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of the individual.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).  In this case, Menard's warden shall be added in his or her official capacity for the sole purpose of responding to discovery aimed at identifying Defendant Doe.  Guidelines for discovery will be set by the United States Magistrate Judge.  Once the name of Defendant Doe is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designations for this individual in the case caption and throughout the complaint.

### Pending Motion

Plaintiff has filed a motion for recruitment of counsel (Doc. 3), which shall be **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for a decision.

### Disposition

The **CLERK** is **DIRECTED** to **ADD** the **MENARD CORRECTIONAL CENTER WARDEN, in his or her official capacity only**, as a party to this action in CM/ECF.

**IT IS HEREBY ORDERED** that Defendants **STATE OF ILLINOIS** and **ILLINOIS DEPARTMENT OF CORRECTIONS** are **DISMISSED with prejudice** from this action for failure to state a claim on which relief may be granted, and all **OFFICIAL CAPACITY** claims against Defendants **STAR, BUMP,** and **DOE** are **DISMISSED with prejudice** for the same reason.

**AS TO COUNT 1**, the Clerk of Court shall prepare for **DEFENDANT MENARD'S WARDEN (in his or her official capacity only)** and **DEFENDANTS STAR** and **BUMP (in their individual capacities only)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on Defendant John Doe until such time as Plaintiff has identified this defendant by name in a properly filed motion to substitute the newly identified

defendant in place of the generic designations for this individual in the case caption and throughout the complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for this individual.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3) and discovery aimed at identifying Defendant John Doe.  Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.   *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.   This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.   Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 17, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**