IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JERMAINE CRADDOCK,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. **3:15-cv-564-NJR-DGW** |
| | ) | |
| **OFFICER SAMUEL, JOHN DOE,** | ) | |
| **OFFICER BUMP, and MENARD** | ) | |
| **CORRECTIONAL CENTER WARDEN,** | ) | |
| | ) | |
| Defendants. | ) | |

**SCHEDULING AND DISCOVERY ORDER**

In addition to the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Southern District of Illinois, the following procedures will apply to this case.

**I.      Initial Disclosures and Pretrial Filings**

A.      If Plaintiff was assessed an initial filing fee pursuant to 28 U.S.C. § 1915(b)(1), such initial filing fee must be paid, in full, by **November 25, 2015**.   Failure to pay the initial filing fee by the deadline may result in dismissal of this action.

B.      Plaintiff shall have until **November 25, 2015** to produce to Defendants:

1.      Names of persons with knowledge of the incidents and a short description of the subject of their knowledge;

2.      A statement of the injuries Plaintiff has suffered and the relief he seeks;

3.      A signed release for medical records (in cases where Plaintiff's medical condition or care is at issue);

4.      If Plaintiff has sued any "John Does," any information Plaintiff possesses

Page **1** of **5**

which will help identify the John Doe defendants, including but not limited to: physical descriptions, specific job assignments, partial names/nicknames, and locations and dates where plaintiff interacted with the John Does.

**(Note: Plaintiff shall produce the above information directly to Defendants; the information shall NOT be filed with the Court).**

C.  Defendants shall have until **December 16, 2015** to produce to Plaintiff copies of the following documents and information related to Plaintiff's allegations:

1.  Incident reports;

2.  Grievances, along with any responses or other related materials, such as grievance logs and counselor's notes;

3.  Disciplinary tickets, along with any documents related to the resolution of the tickets;

4.  Plaintiff's cumulative counseling summary;

5.  Correspondence with the chaplain (religion claims only);

6.  Shakedown slips (when property is at issue);

7.  Reports and/or statements of persons with knowledge of the incidents;

8.  Names of persons with knowledge of the incidents and a short description of the subject of their knowledge, to the extent this information is not included in the documents produced to Plaintiff;

9.  Copies of relevant medical records maintained by IDOC (in cases where Plaintiff's medical condition or care is at issue, and provided Plaintiff has executed the required release form as directed in paragraph I(B)(3) (note:

Defendants may require payment of IDOC's customary copying costs for extensive records); and

10.   The identity of the John Doe defendants or, if Defendants are unable to make a specific identification, any document or information which would assist in the identification of the John Does; Defendants are not required to produce photographs of IDOC employees or inmates.

11.   Defendants reserve the right to object to the production of the above, in a specific case, for security or other concerns.

D.   Any party entering an appearance after the date of this Order shall make the required disclosures within 30 days from his appearance in this case.   Plaintiff will make his required disclosures within 30 days from the new party's appearance.

E.   Plaintiff shall have until **February 19, 2016** to: (a) move to amend his complaint to add or substitute specific defendants for the John Does; (b) to identify additional steps that can be taken to identify the John Does who remain unidentified; and (c) move to amend the complaint to include <u>any</u> additional claims or parties.   Plaintiff is reminded that he must include the **entire proposed amended pleading** when filing a motion to amend.   Failure to comply with this requirement will result in the dismissal of the John Does, and will likely bar further amendment of the complaint, except for good cause shown.

## II.   Discovery

A.   Each party is limited to serving 15 interrogatories, 15 requests for production of documents, and 10 requests for admission.   On motion, these limits may be

increased for good cause shown.

B.      Any interrogatories, requests for production of documents, or requests for admissions shall be served so as to allow the answering party the full thirty-day period provided by the Federal Rules of Civil Procedure in which to respond.

C.      Defendant is given leave to depose Plaintiff pursuant to Fed. R. Civ. P. 30(a)(2).

D.      All discovery must be completed by **September 9, 2016.**   <u>Pursuant to Fed.R.Civ.P. 26(e), the parties are under an ongoing obligation to supplement the disclosures and production in this case</u>.   Failure to timely disclose or supplement discovery in this case may result in sanctions, including being prohibited from using the undisclosed information or witness.

## III.    Dispositive motions

A.      Any dispositive motion raising the affirmative defense of ***qualified immunity*** or ***failure to exhaust administrative remedies*** shall be filed by **December 16, 2015.** Upon the filing of a dispositive motion raising the ***affirmative defense of failure to exhaust administrative remedies***, the following procedures shall apply:

1.     Along with the motion, Defendant shall serve upon Plaintiff copies of all documents relevant to the issue of exhaustion.

2.     In responding to the motion, Plaintiff shall serve upon Defendant copies of all documents in his possession relevant to the issue of exhaustion.

3.     The parties should not conduct discovery on the merits until the question whether Plaintiff has exhausted his administrative remedies within the meaning of the Prison Litigation Reform Act has been resolved.   *Pavey v.*

*Conley*, 544 F.3d 739 (7th Cir. 2008).

4.    A hearing on the issue of exhaustion of administrative remedies will be set, if necessary, by separate Order.

B.    All other dispositive motions shall be filed by **October 7, 2016.**

## IV.   Trial Schedule

A.    Extensions of these deadlines will only be granted in the rarest of circumstances, as the usual difficulties and delays associated with prisoner litigation have been taken into account in setting the pretrial schedule.

B.    A telephonic status conference is **SET** for **January 9, 2017 at 2:00 p.m.** before United States Magistrate Judge Donald G. Wilkerson.  Defendant to initiate the conference call.

C.    A final pretrial conference is **SET** on **March 8, 2017 at 1:30 p.m.** before United States District Judge Nancy J. Rosenstengel.  Parties should consult Judge Rosenstengel's case management procedures, located on the Court's webpage, for instructions.

D.    Trial is hereby set before District Judge Nancy J. Rosenstengel on **April 18, 2017 at 9:00 a.m.**

**IT IS SO ORDERED.**

**DATED:** Click here to enter a date.

**DONALD G. WILKERSON**
**United States Magistrate Judge**