IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERMAINE CRADDOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-564-NJR-DGW |
| ) | |
| MICHAEL SAMUEL, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Strike Responses to Requests to Admit filed by Plaintiff, Jermaine Craddock, on January 9, 2017 (Doc. 74). As indicated at the conference held on January 12, 2017, the Motion is **DENIED.**

The sole basis for Plaintiff's motion is that Defendants failed to respond within 30 days as required by Federal Rule of Civil Procedure 36(a)(3). Plaintiff served the requests on August 11, 2016 and Defendants responded on October 5, 2016, 24 days late. Plaintiff agreed, however, to extend the response deadline to October 3, 2016 -- the responses were therefore only 2 days late. *See* FED.R.CIV.P. 29 and 36(a)(3). Defendants indicate that they failed to timely serve responses because of a calendaring error and not because Defendants themselves were dilatory.

The failure to timely respond to requests to admit automatically renders the matters admitted. *Id*. 36(a)(3). Defendant can avoid this harsh result by moving to withdraw their admissions. *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1059 (7th Cir. 2000). Defendants did not file a motion consistent with a plain reading of Rule 7(b). Rather, Defendants seek to withdraw their admissions in their response to Plaintiff's motion (Doc. 78). Plaintiff has not objected to this manner of seeking relief from the Court, which is hereby **GRANTED**. "A court,

in its discretion, may permit a party to rescind admissions when doing so better serves the presentation of the merits of the case and the part who benefits from the admissions (usually by relying on them) is not prejudiced." *Banos v. City of Chicago*, 398 F.3d 889, 892 (7th Cir. 2005). There has been no prejudice in this matter. No party has relied on the admissions and, in light of the extension of the deadlines (Doc. 77), additional discovery was available to determine this matter on the merits, a preferable method of resolving this lawsuit. Defendants' responses filed on October 5, 2017 are hereby **WITHDRAWN and STRICKEN**. Defendants shall nonetheless serve and (re)file their responses to the requests to admit by **March 10, 2017.**

Defendants' also have filed a third request for an extension of time (Doc. 80). Counsel (again) indicates that a calendaring error prevented the taking of Plaintiff's deposition by the February 3, 2017 deadline. This excuse is surprising because a recent status conference was held in which counsel was present and in which the Court indicated the new discovery deadline (Docs. 76 and 77). Counsel also states that extending the dispositive motion filing deadline will not interfere with the default 100 day period contained in Local Rule 7.1(f). Defendants' reliance on the Local Rule is misplaced. Prisoner litigation carries with it significant problems and solutions that are not present in other civil litigation before this Court. As such, these cases are subject to unique scheduling orders that do not merely set a dispositive motion filing deadline 100 days prior to trial, the very latest that the Local Rule contemplates. Such a deadline would be untenable in these cases and are rarely so set. This argument is not well-taken and is wholly without merit.

This motion was filed two weeks after the discovery deadline expired. As such, Defendants must show the "excusable neglect" required by Federal Rule of Civil Procedure 6(b)(1)(B). Excusable neglect can extend to situations where "the delay is caused by inadvertence, mistake or carelessness." *Lewis v. School Dist. #70*, 523 F.3d 730, 740 (7th Cir.

2008) (quotation marks and citation omitted).  Certainly, carelessness is apparent in this matter.  Because Plaintiff has not objected, the Motion is **GRANTED**.

The discovery deadline is extended to **March 24, 2017**.  No further extensions will be granted.  All depositions must be completed by the deadline.  The dispositive motion filing deadline is extended to **April 7, 2017**.   No further extensions of this deadline will be granted.

**DATED: March 8, 2017**

                              **DONALD G. WILKERSON**
                              **United States Magistrate Judge**